## STEVENSON v HESS

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10971. Decided Jan 19, 1931

KUNKLE, PJ, and HORNBECK, J, (2nd Dist) and FARR, J, (7th Dist) sitting.

Garrett Stevens, Cleveland, for Stevenson. Silverman, Mitchell & Mills, Cleveland, for Hess.

BY THE COURT:

We have read the record in this case with considerable care and considered the briefs of counsel. We shall not attempt to discuss the testimony in detail. This would be unnecessary, as counsel are familiar with the same. We shall merely announce the conclusion at which we have arrived after a consideration of the record and the briefs of counsel.

As above stated, this is a proceeding against Frances A. Stevenson who is admittedly the owner of the premises in question, and Vinnie V. Stevenson, her mother, whom, the petition alleges, was the agent of Frances A. Stevenson for the purposes of collecting the rents, etc., from the said premises.

It is admitted that Frances A. Stevenson was not present and took no part in the altercation in question.

The case proceeded to trial, therefore, as against both the principal and the agent. This was somewhat irregular as under the case of **French, Admr., v Central Construction Co., et al, 76 Oh St 509**, a motion could, and we think should have been made to require the plaintiff below to elect as against which of the defendants below he would proceed.

The syllabus of the case above quoted is as follows:

"An action cannot be maintained jointly against master and servant for the wrongful and negligent act of the latter, if in the particular case the master's liability for such wrongful and negligent act arises solely from the relationship between them under the doctrine of respondeat superior."

"2. Where in an action for negligence, master and servant are improperly joined as defendants, the plaintiff in said action may be required to elect against which of said defendants he will proceed and where, in a proper case, on motion of one of the defendants, an order of election is made by the court, and plaintiff refuses to comply with or obey such order, the court may, under authority of Subdivision 5 of §5314 Revised Statutes, dismiss the action, without prejudice to a future action."

This procedure should have been followed in the lower court, but probably under §11311 GC, the defendants below may be considered as having waived all objections to the petition except that as to the jurisdiction of the court.

It is seriously contended that there is no evidence in the record showing or tending to show that Vinnie V. Stevenson was the agent of her daughter. Vinnie V. Stevenson was called by defendant in error for cross-examination and upon such cross-examination did testify that she was not the agent of her daughter. (See page 1 of the record). We think, however, there is testimony in the record, especially that of Mrs. Hess, as found on pages 12-13 of the record, and that of Mr. Hess, as found on page 30 of the record, tending to show that Vinnie V. Stevenson was the agent of her daughter. She admits that she rented the premises in question to Mr. Hess, and the testimony above referred to, together with other portions of the evidence, we think might tend to show that she held herself out as the agent of her daughter. She stated to Mrs. Hess, while this altercation was in progress, "I take possession right away."

The question as to whether Vinnie V. Stevenson was or was not the agent of her daughter is one which should be submitted to the jury.

Objection is made to the introduction of portions of the evidence. We find no error in the admission or rejection of testimony which we consider prejudicial to plaintiffs in error.

Serious objection is also made to the charge of the trial court. A general exception was reserved by counsel for plaintiffs in error to the charge of the court as given. Complaint is made as to the portion of the charge of the trial court as found on page 41 of the record. We think

when the entire charge of the court upon the subject with which it was then dealing, is read and considered together, that the plaintiffs in error were not prejudiced thereby.

Objection is also urged to that portion of the charge of the trial court as found on pages 42-43 of the record and which is as follows:

"The evidence tends to show that Mrs. Stevenson, who seems to be the woman against whom the charge is made of the act of assault, was acting in the capacity of an agent for the owner of the property to collect the rent. The principal owner of the property being the daughter of the defendant, Vinnie V. Stevenson being the mother, the owner of the property. It is a general rule of law that agency cannot be proven by the testimony of the agent himself, but it requires other additional proof, corroborating the agency of the agent, other than the testimony of the agent himself. If you find in favor of the plaintiff in this case and you further find that the defendant, Vinnie V. Stevenson was the agent of the defendant, Frances A. Stevenson, in the condition of the record in this case you are then permitted to find against both defendants."

We cannot escape the conclusion but that the latter portion of this charge is incomplete and contains an incorrect statement of law. The charge should have contained a statement to the effect that if Vinnie Stevenson was the agent of her daughter and was acting within the scope of her authority then her act would have been that of her daughter and her daughter, Frances A. Stevenson would be responsible. In other words, the principal, Frances A. Stevenson, cannot be bound unless Vinnie V. Stevenson was her agent and as such agent was acting within the scope of her authority. If Vinnie V. Stevenson was the agent of her daughter and was acting within the scope of her authority, then the act was that of the principal, Frances A. Stevenson.

The difficulty in this case is that a motion to elect was not made at or before the commencement of the hearing as provided in 76 **Oh St** above quoted.

In the case of **Nelson Business College v Lloyd**, 60 **Oh St**, 448, the rule is well stated as to the liability of an employer for the wilful or malicious acts of a servant done in the course of the servant's employment.

Upon a full consideration of the charge of the court we cannot escape the conclusion but that the judgment of the lower court must be reversed for error in the charge of the court above referred to.

KUNKLE, PJ, HORNBECK and FARR, JJ, concur.